UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION, UNDER 28 U.S.C. § 1782, OF PUBLIC JOINT-STOCK COMPANY BANK OTKRITIE FINANCIAL CORPORATION AND PUBLIC JOINT-STOCK COMPANY NATIONAL BANK TRUST | 22 Misc. 50 |

### *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

Public Joint-Stock Company Bank Otkritie Financial Corporation ("Bank Oktkritie") and Public Joint-Stock Company National Bank Trust ("NBT," and collectively, the "Petitioners"), by and through their undersigned counsel, respectfully ask this Court to enter an order pursuant to 28 U.S.C. § 1782 granting leave to the Petitioners to serve on Citibank, N.A., Deutsche Bank Securities Inc., and Deutsche Bank Trust Company Americas (together, the "Respondents") document subpoenas in the form of the proposed subpoenas attached as Exhibits 5, 6 and 7, respectively, to the accompanying Declaration of Charles Michael. In support of this application, the Petitioners respectfully submit the supporting Memorandum of Law, the Declaration of Neil Dooley and accompanying exhibits, and the Declaration of Charles Michael, and state as follows:

The requested relief is for the purpose of obtaining discovery necessary in aid of contemplated foreign proceedings. The Petitioners seek to enforce an award issued by the London Court of International Arbitration (the "LCIA") in ten consolidated arbitration proceedings arising out of a dishonest scheme to defraud the Petitioners. One of the parties to the fraudulent scheme, Coniston Management Limited ("Coniston"), appears to have dissipated significant assets since 2017. The LCIA award also found that Coniston, and other parties in the arbitration, were controlled by a Russian oligarch and his family, namely Boris Mints and his

sons. There are currently parallel proceedings in the High Court of Justice in London against members of the Mints family that were involved in the fraud (the "High Court Proceedings"), in which the defendants are accused of fraudulent transfer activity intended to place their assets beyond the reach of the Petitioners.

Accordingly, the Petitioners seek to obtain copies of any orders, instructions or wire transfers since January 1, 2017 of at least $50,000, where the paying or receiving party was Coniston, and in which the Respondents acted as either direct transfer bank or as the intermediary or correspondent bank. This discovery will enable the Petitioners to identify assets of Coniston, including assets that may have been fraudulently transferred to members of the Mints family or others. It is anticipated that this discovery will assist in the High Court Proceedings and in judgment recognition and enforcement proceedings arising out of the LCIA award. Once this discovery is obtained, the Petitioners will commence actions abroad to freeze and/or recover assets identified via this discovery.

This application meets all of the statutory requirements set forth in 28 U.S.C. § 1782. *First*, the Respondents, from whom the discovery is sought, are located within the Southern District of New York. *Second*, the documents requested are "for use" in pending or reasonably contemplated foreign adjudicative proceedings. *Third*, the Petitioners are parties to the pending foreign proceedings and will be parties to the contemplated foreign proceedings, and therefore qualify as "interested" parties.

Further, as detailed in the accompanying Memorandum of Law, the four discretionary factors set out by the *United States Supreme Court in Intel Corp. v. Advanced Micro Devices*, Inc., 542 U.S. 241, 264075 (2004) weigh in favor of granting the Petitioners' application. The Respondents are not parties to the foreign proceedings, there is no restriction on the use of this

discovery in the foreign proceedings, the Petitioners are not circumventing any foreign proof-gathering restrictions, and the discovery requested is narrowly-tailored to highly relevant documents that are easily assembled and routinely supplied by banks such as the Respondents.

Accordingly, the Petitioners respectfully request that the Court: (i) grant the *Ex Parte* Application for an Order Pursuant to 28 U.S.C; § 1782 to Conduct Discovery for Use in Foreign Proceedings; (ii) enter the Proposed Order attached hereto as Exhibit A; (iii) grant the Petitioners leave, pursuant to 28 U.S.C. § 1782, to serve the subpoenas attached as Exhibits 5, 6 and 7 to the accompanying Declaration of Charles Michael; and (iv) grant any and all further relief deemed just and proper.

Dated: February 14, 2022

Respectfully submitted,

STEPTOE & JOHNSON LLP

By: */s/ Charles Michael*
Charles Michael
Jason Meade
1114 Avenue of the Americas
New York, New York 10036
(212) 506-3900
cmichael@steptoe.com
jmeade@steptoe.com

*Counsel for Petitioners*