```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
IN RE: EX PARTE APPLICATION OF                              :   22-MC-50 (VSB)
PUBLIC JOINT-STOCK COMPANY BANK                             :
OTKRITIE FINANCIAL CORPORATION                              :   OPINION & ORDER
AND PUBLIC JOINT-STOCK COMPANY                              :
NATIONAL BANK TRUST FOR AN                                  :
ORDER PURSUANT TO 28 U.S.C. § 1782                          :
                                                            :
------------------------------------------------------------X
```

Appearances:

Charles Anthony Michael
Steptoe & Johnson, LLP
New York, New York
*Counsel for Petitioner*

VERNON S. BRODERICK, United States District Judge:

Before me is the *ex parte* application of Public Joint-Stock Company Bank Otkritie Financial Corporation ("Bank Otkritie") and Public Joint-Stock Company National Bank Trust ("NBT," together, the "Petitioners"), for an order pursuant to 28 U.S.C. § 1782 to seek limited discovery for use in two foreign proceedings. (Doc. 1.) Because I find that Petitioners meet the requirements to obtain discovery pursuant to § 1782, the application is GRANTED.

I.      **Background and Procedural History**

Petitioners seek bank records from Commerzbank AG related to the transfer of assets made by Coniston Management Limited ("Coniston"), a British Virgin Island Company. (Doc. 11 at 5.) Petitioners intend to use these banking records as evidence to demonstrate that Coniston has been shielding assets from Petitioners in order to evade liability arising from two foreign proceedings: an arbitration proceeding before the London Court of International Arbitration ("LCIA"), and a parallel proceeding before the High Court of Justice in London (the

"High Court"). (*Id.*)

The two proceedings arise out of a fraudulent scheme consisting of a series of complex transactions directed by the family of Boris Mints ("Mints"), a prominent Russian businessman, and O1 Group Limited (the "O1 Group"), a holding company affiliated with the Mints family. (Doc. 2 at 1.) Before the transactions took place, Bank Otkritie, one of Russia's largest full-service commercial banks, made loans to certain companies in the O1 Group. (*Id*. at 2.) The loans were secured by pledges of valuable shares that were held by Coniston and two related entities in certain real-estate portfolio. (*Id*. at 3.) The essence of the scheme was to induce Bank Otkritie to purchase bonds issued by a special-purpose vehicle with no material assets, with the proceeds for the purchase to repay the O1 Group borrowers' loans to Bank Otkritie, purportedly extinguishing their debts. (*Id*.) As a result, approximately $500 million loans of Bank Otkritie were rendered worthless. (*Id*. at 2-3.)

In January 2018, Coniston and the other two related entities that had pledged shares in relation to the Bank Otkritie loans commenced the arbitration proceeding before LCIA, seeking declarations that, among others, their pledges of stock had been validly terminated. (Doc. 2 at 3.) Bank Otkritie and its affiliate NBT asserted counterclaims, alleging that the series of transactions was a fraudulent scheme. (*Id*.) The LCIA tribunal found that the Mints family used and directed Coniston to perpetuate the fraudulent scheme for their benefits, and that Coniston, as well as the other related entities, are liable for Petitioners' financial loss. (*Id*. at 4.) The amount of damages is yet to be determined. (*Id*. at 5.) In June 2019, Petitioners filed a separate parallel proceeding in the High Court against the members of the Mints family. (*Id*.) Besides their participation in the fraudulent transactions, Petitioners also alleged that the Mints family engaged in associated fraudulent transfer activity aimed at placing their assets beyond the reach

2

of the Petitioners.  (*Id.*)

On February 14, 2022, Petitioners filed a § 1782 motion, seeking to subpoena banking records from Citibank, N.A., Deutsche Bank Trust Company Americas, and Deutsche Bank Securities, Inc. for use in the proceedings before LCIA and the High Court.  (Docs 1–4.)  I granted petitioners' application on July 1, 2022.  (Doc. 9.)  On March 13, 2023, Petitioners filed a second motion under § 1782, with supporting documents, seeking to subpoena banking records from Commerzbank AG ("Commerzbank") for use in the foreign proceedings.  (Doc. 10.)

**II.**     **Applicable Law**

"[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*.  The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)."  *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) (collecting cases).

Section 1782 contains three statutory requirements:  "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign [or international] tribunal, and (3) the application is made by a foreign or international tribunal or any interested person."  *Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 97 (2d Cir. 2020) (alteration in original) (quoting *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015)).  A foreign or international tribunal is defined as a governmental or intergovernmental body that exercises governmental authority.  *ZF Auto. US, Inc. v. Luxshare, Ltd.*, 142 S. Ct. 2078, 2089 (2022).  A foreign tribunal is one that "exercises governmental authority conferred by a single nation"; an international tribunal is defined as "one that exercises governmental authority conferred by two

3

or more nations." *Id.* "Private adjudicatory bodies do not fall within § 1782." *Id.*

"Once the statutory requirements are met, a district court may order discovery under § 1782 in its discretion, taking into consideration the 'twin aims' of the statute, namely, 'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 117 (2d Cir. 2015) (quoting *In re Metallgesellschaft*, 121 F.3d 77, 79 (2d Cir. 1997)). "The Supreme Court has identified four" additional discretionary factors relevant to this determination:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome.

*Mangouras*, 980 F.3d at 97–98 (internal quotation marks omitted) (cleaned up). "[I]t is far preferable for a district court to reconcile whatever misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored discovery order rather than by simply denying relief outright." *Mees*, 793 F.3d at 302 (internal quotation marks omitted).

### III. Application

Here, Petitioners have satisfied the three statutory requirements. First, Commerzbank is "found" in this district for the purposes of § 1782 because their public filings with the New York Department of Financial Services show that it is physically located in New York. (Dooley Decl. Ex. 2.) *See In re Edelman*, 295 F.3d 171, 180 (2d Cir. 2002) ("[I]f a person is served with a subpoena while physically present in the district of the court that issued the discovery order, then for the purposes of § 1782(a), he is 'found' in that district."); *In re del Valle Ruiz*, 939 F.3d 520,

534 (2d Cir. 2019) (confirming that the term "found" "extends to the limits of personal jurisdiction consistent with due process").

Second, the discovery sought is "for use" in a foreign proceeding or tribunal. "A § 1782 applicant satisfies the statute's 'for use' requirement by showing that the materials she seeks are to be used at some stage of a foreign proceeding." *Mees*, 793 F.3d at 295; *see also id.* at 298 ("'[F]or use in a proceeding' [under § 1782] indicates something that will be employed with some advantage or serve some use in the proceeding—not necessarily something without which the applicant could not prevail.") "[A] Section 1782 applicant must establish that he or she has the practical ability to inject the requested information into a foreign proceeding," *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 132 (2d Cir. 2017), but the discoverability or admissibility of the evidence in the foreign proceeding is not dispositive of this determination, *see In re XPO Logistics, Inc.*, 15 MISC. 205 (LGS), 2017 WL 6343689, at *5 (S.D.N.Y. Dec. 11, 2017) ("The Supreme Court addressed the question of whether foreign discoverability is a condition to obtaining documents under § 1782, and held that it is not." (citations omitted)); *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 77 (2d Cir. 2012) ("Section 1782(a) contains no requirement that particular evidence be admissible in a foreign proceeding to be considered 'for use in a proceeding in a foreign or international tribunal.'"). Here, Petitioners state that the banking records they seek will be used in the proceeding before the High Court as evidence that the Mints family have moved their assets beyond Petitioners' reach.[1] (Doc. 11.) As the High Court is a court of the United Kingdom and is an adjudicative body that exercises governmental

---

[1] Petitioners also state that they will use the information in the LCIA enforcement proceedings to identify more assets of Coniston and initiate any further judgement recognition and enforcement actions in connection with the LCIA award. (Doc. 11.) However, since the LCIA is a private arbitral body, an application based solely on use at LCIA proceedings would not be granted. *ZF Auto. US, Inc*, 142 S. Ct. at 2089. However, as the banking information is also sought for use in the High Court, the application meets the statutory requirements.

authority, it clearly qualifies as a "foreign tribunal" under Section 1782(a).  *See Azima v. Citibank, N.A.,* No. 22 MISC. 72 (KPF), 2022 WL 1287938, at *3 (S.D.N.Y. Apr. 29, 2022) (finding that petitioner's application to subpoena banking records from Citibank for litigation in the High Court of Justice of England and Wales satisfied Section 1782's statutory requirement that the discovery was for use in a foreign proceeding before a foreign tribunal).  Thus, Petitioners satisfy this requirement under the statute.

Third, Petitioners, who are parties to the two foreign proceedings, are "interested person[s]" within the meaning of § 1782.  *See Matter of Degens*, No. 20MC237JGKRWL, 2020 WL 4252725, at *4 (S.D.N.Y. July 24, 2020*)* ("A party to a foreign litigation is an 'interested person' within the ambit of § 1782."  (citations omitted)).

Because Petitioners meet the three statutory factors, I proceed to determine whether the discretionary *Intel* factors counsel against permitting the requested discovery.  *See Mees*, 793 F.3d at 297–98 (citing *Intel*, 542 U.S. at 264–65).  They do not.  First, Commerzbank is not a party to the foreign proceedings.  As "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach," the banking records sought from Commerzbank, which are "available in the United States, may be unobtainable absent § 1782(a) aid."  *Intel*, 542 U.S. at 264.  Second, there is no indication that the Hight Court would be unreceptive to federal-court judicial assistance.  (*See, e.g.,* Dooley Decl. ¶ 33 ("[T]he evidence [Petitioners] seek would be received without issue in the English courts."))  *Cf. Intel*, 542 U.S. at 264–65.  Third, Petitioners' request does not seek "to circumvent" the rules and procedures of the English courts, *Mangouras*, 980 F.3d at 98, as there are no restrictions applicable to these banking records under the English law, (Dooley Decl. ¶ 33), nor is there any indication that such discovery would not be allowed in any other jurisdictions where the enforcement action may be bought.  Fourth, the

6

requested discovery is not unduly intrusive or burdensome. *See Mangouras*, 980 F.3d at 98. Petitioners' proposed order will authorize them to serve a subpoena on Commerzbank for "[c]opies of any and all orders, instructions, or wire transfers, where the paying or receiving party was Coniston Management Limited, in an amount equal to or exceeding $50,000 where you acted as either the direct transfer bank or as the intermediary or correspondent bank, from January 1, 2017 to the present." (*See* Doc. 12-3; Dooley Decl. Ex. 3.) I find the proposed subpoena to be narrowly tailored to the information Petitioners are seeking, and not unduly burdensome or intrusive, as the sought materials are routinely produced by banks to satisfy discovery requests. *See, e.g., In re Rodriguez Guillen*, 20-MC-102 (ALC), 2020 WL 3497002, at *3 (S.D.N.Y. June 29, 2020) (noting that a third-party bank "should be able to search for and produce . . . records of wire transfers without significant burden").

## IV.   Conclusion

Accordingly, Petitioners' *ex parte* application for an order pursuant to 28 U.S.C. § 1782 is GRANTED. The Petitioners are authorized to issue and serve a subpoena on Commerzbank in the form of the subpoena attached as Exhibit 2 to the Dooley Declaration, for the production of the documents requested therein. Commerzbank shall comply with the subpoenas in accordance with the Federal Rules of Civil Procedure, the Local Rules, and my Individual Rules, including with respect to their rights to object to or move to quash the subpoenas. It is further ORDERED that a copy of this Opinion & Order shall be served with each discovery demand.

The Clerk of Court is respectfully directed to close the open motion on the docket.

SO ORDERED.

Dated: August 2, 2023
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge